UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.A.A.J., Petitioner, v. HERNANDEZ et al, Respondents. | CASE NO. 26-cv-04038-JHC<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on J.A.A.J's Petition for Writ of Habeas Corpus. Dkt. # 15. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the petition. Dkt. # 15.

## II
## BACKGROUND

It is undisputed that Petitioner is a citizen of Nicaragua who was first encountered by Immigration and Customs Enforcement (ICE) near the southern border on September 17, 2022. Dkt. # 17 at 2; Dkt. # 19 at 1. Two days later, immigration authorities released Petitioner on

parole. Dkt. # 17 at 2; Dkt. # 19 at 2. Petitioner appeared for his required check-in on November 21, 2022, where he was served an Order of Release on Recognizance (OREC) and enrolled into the Alternate to Detention program. Dkt. # 17 at 2; Dkt. # 19 at 2. It is uncontested that Petitioner followed the conditions of his OREC, including appearing for required check-ins and abiding by the law. Dkt. # 19 at 2; *see generally* Dkt. # 17.

Still, on October 19, 2026, Petitioner was encountered by ICE and taken into custody. *See* Dkt. # 17 at 3. Respondents have provided no details of this encounter and told the Court that "it appears that Petitioner's A-file is missing relevant documents." Dkt. # 16 at 1, n.1; *see generally* Dkt. # 17.

Petitioner details the encounter as follows: around 9:00 a.m. on October 19, Petitioner was driving with his friend towards a Sherwin-Williams paint store. Dkt. # 19 at 2. When he pulled into the parking lot, three cars pulled in after him with warning lights turned on. *Id.* About eight ICE officers exited their vehicles and surrounded Petitioner's car. *Id.* Three of those officers went to the driver's side of the car with their guns drawn. *Id.* Initially, only one ICE officer was masked until another officer "showed up and said something to them about masks, and that's when all the officials started to put their masks on." Dkt. # 19 at 3. Petitioner believes that "they were told to put their masks on because there were several people in the parking lot watching what was happening." *Id.* Petitioner was "terrified" that the ICE officers would shoot him and he cooperated with them. *Id.* He was placed in an ICE vehicle and told by an ICE officer that "if [he] had run, they could have shot [him] and that [he and his friend] were criminals." *Id.* ICE then took Petitioner to a construction site about two hours away and in a different state. *Id.* They waited at that construction site where Petitioner was in handcuffs, ankle cuffs, and a waist chain. Dkt. # 19 at 4. After a couple of hours, Petitioner was placed in a

different vehicle and brought to the Northwest ICE Processing Center (NWIPC) where he remains detained. *Id.*

Petitioner was never shown an arrest warrant, and none has been provided to this Court; nor do Respondents claim one was ever issued. *Id.*; *see generally* Dkt. ## 16, 17. It appears that Petitioner's OREC was never revoked. Dkt. # 16 at 5; *see also* Dkt. # 19.

## III
## DISCUSSION

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner argues that he is entitled to habeas relief because his arrest and re-detention without notice or a pre-deprivation hearing violated his right to due process under the Fifth Amendment of the U.S. Constitution.[1] Dkt. # 15 at 11-13.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission who was initially processed near the United States border. Dkt. # 16 at 2-4. But Respondents also acknowledge that courts in this District have repeatedly found that noncitizens released on an OREC who live in the United States for years before re-detention fall outside of 8 U.S.C. § 1225(b)'s mandatory detention scheme and are detained under 8 U.S.C. § 1226(a). Dkt. # 16 at 4; *see Herrera Gomez v. Wamsley*, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) (concluding that the re-detention of a petitioner initially encountered at the border and then released on an OREC was governed by 8 U.S.C.

[1] The Court need not consider Petitioner's other claims for relief because it grants the petition on Due Process grounds.

§ 1226(a)); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1197-98 (W.D. Wash. 2025) (same). The Court follows this District's decisions and finds Petitioner is detained under 8 U.S.C. § 1226(a).

Regarding Petitioner's due process arguments, Respondents expressly "acknowledge that courts in this District have held that revocation of discretionary release requires pre-deprivation process in cases where there has not been a material change in circumstances from the time of the petitioner's initial release." Dkt. # 16 at 5; Dkt. # 5 at 6; *see Herrera Gomez*, 2026 WL 279966, at *2 ("Courts have repeatedly found that the Government must provide due process to noncitizens before revoking supervised release and re-detaining them.") (collecting cases). Under the decisions of this District, the facts of this case constitute a due process violation. *See Herrera Gomez*, 2026 WL 279966, at *2.

This case is even stronger because, as Respondents acknowledge, they "do not possess records indicating that Petitioner's OREC was revoked." Dkt. # 16 at 5. It appears that Petitioner spent four years carefully following the rules immigration authorities imposed on him—never breaking the law—only to eventually be detained while still being released on an OREC. Dkt. # 19 at 3. If this case is not a due process violation, it is hard to imagine what would.

Based on the reasoning of *Herrera Gomez* and the record before the Court, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 15) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of November, 2026.

John H. Chun

John H. Chun
United States District Judge